UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO: 17-114 |
| v. | * | SECTION: "B" |
| JEROME KIEFFER | * | |

* * *

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR VARIANCE AND/OR DOWNWARD DEPARTURE FROM SENTENCING GUIDELINES**

**NOW INTO COURT** comes the United States of America, appearing herein through the undersigned Assistant United States Attorney, and files this Opposition to Defendant Jerome Kieffer's Motion for Variance and/or Downward Departure from the Sentencing Guidelines. Rec. Doc. 164. The Court should deny the motion because, in addition to being called for under the Sentencing Guidelines, a life sentence is statutorily required under Title 18, United States Code, Section 2113(e). The jury convicted Jerome Kieffer and Armstead Kieffer of violating Section 2113(e) by engaging in bank robbery that resulted in the death of James McBride. *See* Rec. Docs. 40 & 129 at 4. The Section of the United States Code addressing bank robbery provides that:

> Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or **if death results shall be punished by death or life imprisonment**.

18 U.S.C. § 2113 (emphasis added). The government did not seek the death penalty, so life imprisonment is the statutorily required sentence, regardless of the Guidelines Range.[1] *See*, *e.g.*, *United States v. Carter*, 595 F.3d 575, 578-79 (5th Cir. 2010); *Kimbrough v. United States,* 552 U.S. 85, 108 (2007) (finding that district courts remain constrained by statutory minimum

---

[1] Here, the Guidelines also recommend a life sentence.

penalties); *United States v. Jasso*, 634 F.3d 305, 308 (5th Cir. 2011) (finding that although the district court believed that the defendant's criminal history overstated the seriousness of his past criminal conduct it had no discretion other than to impose the statutory minimum sentence); *United States v. Antoine*, 421 F. App'x 430 (5th Cir. 2011) (finding that the district court correctly determined that it lacked authority to grant defendant's request for a downward departure).

The government also disagrees with several of the defendant's assertions in his motion for downward variance and/or departure. For instance, the defendant contends that "this matter is no different" than situations in which a district court downward departed in a 100 gram or more heroin case and a bank robbery case involving a Cheez-Its box disguised as a bomb. Rec. Doc. 164-1 at 3. This case is very different. Jerome Kieffer was convicted after a trial of two armed robberies of armored trucks, both involving real guns. In the first robbery, Jerome Kieffer forced a guard back into the armored truck at gun point. In the second robbery, Jerome Kieffer put a real gun in the guards' faces. During the robbery, gunfire broke out and one of the guards was shot and killed.

Finally, the government notes that Deltoine Scott and Jerome Kieffer are not similarly situated. Deltoine Scott was a follower, while Jerome Kieffer was a leader and organizer. Deltoine Scott admitted what he had done, pleaded guilty, cooperated against his co-defendants, and apologized to the McBride family. The government presented Jerome Kieffer with overwhelming evidence of his guilt even before he was indicted on the 2015 robbery, and offered him an opportunity to plead guilty and avoid a life sentence. Jerome Kieffer refused to plead guilty and has refused to acknowledge his responsibility for his criminal actions or to apologize to the McBride family for the pain he has caused. Because Scott and Jerome Kieffer are not similarly situated, there is nothing untoward about the disparity in their sentences.

## CONCLUSION

For the foregoing reasons, the United States respectfully submits that the statutorily required sentence of life imprisonment be imposed in this matter.

Respectfully submitted,

PETER G. STRASSER
UNITED STATES ATTORNEY

/s/ David Haller
DAVID HALLER
Assistant United States Attorney
650 Poydras Street, Suite 1600
New Orleans, LA 70130
Telephone:  (504) 680-3000
Facsimile: (504) 589-4390

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all defense counsel of record.

/s/ David Haller
DAVID HALLER
Assistant United States Attorney